Gomez-N v. State 







AFFIRMED
 AUGUST 23, 1990

NO. 10-89-077-CR
Trial Court
# 8395
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

NOE GOMEZ,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 12th Judicial District Court
Madison County, Texas

* * * * * * * * * * * * *

Pleading not guilty, appellant Noe Gomez was found guilty by
a jury of the felony offense of carrying a deadly weapon while
confined in a penal institution. Texas Penal Code §46.11(a)(1). 
Punishment, enhanced by a prior felony conviction for murder which
the jury found to be "True," was assessed by the jury at
confinement in the Texas Department of Corrections for a term of
twenty years and a fine of $10,000. 
The indictment alleged that appellant carried on or about his
person "a deadly weapon, to-wit: a razor blade, that in the manner
of its use and intended use was capable of causing death and
serious bodily injury" while appellant "was then and there confined
in a penal institution." The State's evidence established the
elements of its case. 
Appellant seeks reversal of the judgment of conviction on a
single point of error, asserting ineffective assistance of counsel
on several grounds. We overrule these contentions and we affirm
the judgment.
The six major areas of ineffective assistance of counsel
alleged by appellant are these: (1) lack of pretrial hearings and
motions, (2) lack of objections to the testimony of the State's
witness Calvin Johnson, (3) lack of objections to the testimony of
the State's witness John Isbelle, (4) lack of requests for mistrial
or instructions to the jury, (5) harmful deficiencies in closing
argument to the jury at the guilt/innocence phase of the trial, and
(6) failure to present defensive evidence at the punishment phase
of the trial.
Evidence at trial established that appellant's counsel had
practiced law for more than twenty-five years. He was consistently
prepared and always did a "good job". Appellant was indicted in
this case in February 1988, and his counsel was appointed the next
month, thirteen months prior to the trial in April 1989. During
those thirteen months counsel had at least twelve different
interviews or confrontations either in court or out of court. He
had been in court four times. He had been to the correctional unit
where appellant was incarcerated at least three times. Additional
time was devoted to briefing. He had filed several motions,
including the discovery motion provided for in article 39.14,
Tex.Code Crim.Proc. As a result of the filing of this motion, the
State's attorney permitted him to view the State's complete file on
the case. He made a request to see the weapon but learned that it
had been misplaced. In his words, he had "covered nearly
everything you can cover. I see by my file that I put what appears
to be something like fifteen hours or so on [the case] before we
ever got to the trial court." He said, "I don't say that there
couldn't be some more done, but up until today we have worked on
every avenue we could possibly see that we could get prepared. And
I feel like we're about well prepared. We have witnesses here that
he gave us. At least one of them, I think, I will be able to use. 
I think we have enough to at least show his side of the case fairly
well." There is no evidence that a Batson motion, raised by
appellant in his brief, should have been filed. The case was a
one-day trial with simple facts. Appellant has not suggested any
legitimate motions which, under the record, should have been filed
during the trial. Neither has appellant shown any need for
additional pretrial motions or hearings. 
Appellant complains because counsel did not file a Brady v.
Maryland motion for the production of potentially exculpatory
evidence and because he did not pursue to a hearing the discovery
motion that was filed. The undisputed evidence shows that the
State released its entire file to appellant's counsel for review. 
This negated any need for pursuing the filed motion or for filing
a Brady v. Maryland


 motion. Furthermore, it would have been folly
for the prosecutor to fail to disclose evidence favorable to
appellant because such failure, if harmful, would have resulted in
the reversal of any conviction. United States v. Agurs, 427 U.S.
97, 49 L.Ed.2d 342, 96 S.Ct. 2392 (1976). 
Appellant asserts that counsel was ineffective in failing to
prevent the admission of the "irrelevant" testimony of the State's
witnesses Johnson and Isbelle which related to an alleged attack on
Isbelle by appellant with a razor blade. Appellant asserts the
testimony "was totally irrelevant and highly prejudicial in that in
the crime charged, there is no victim." The testimony was, in
fact, essential to the State's case. The State was required to
prove that a small, common, one-edged, disposable razor blade was
used or was intended to be used as a deadly weapon.
The trial record shows that counsel was consistent in lodging
proper objections, and that he regularly requested and was given
all relief necessary under the circumstances at the time. 
Using only a short excerpt from counsel's argument to the jury
on guilt/innocence, appellant seeks to categorize the entire
argument as ineffective. Considered in its entirety, the argument
demonstrates that counsel centered his statements to the jury on
the evidence surrounding the nature of the weapon and its use or
attempted use by appellant, seeking to raise a doubt in the jurors'
minds as to whether or not the State had proven its allegation that
the weapon was a deadly weapon. This argument followed the
defensive theory set up by counsel during the selection of the
jury, and the record shows that it was probably the best defense
available against the State's case.
Appellant has offered no reasoning indicating that the best
strategy at the punishment phase was to present defensive
testimony. 
Considered under the two-pronged test of Strickland v.
Washington, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), or
under the "totality of the representation" test set forth in Ex
parte Duffy, 607 S.W.2d 507 (Tex.Cr.App.1980), the representation
afforded appellant by trial counsel in our case was effective
representation. Appellant's point of error and the contentions
raised under it are overruled. The judgment is affirmed.
 
                          VIC HALL
DO NOT PUBLISHJustice